UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ELROY A. PHILLIPS, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5: 14-210-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| FRANCISCO J. QUITANA, Warden, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |
| ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Elroy A. Phillips is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, Phillips has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his 1994 Florida state court conviction for attempted second-degree murder. [Record No. 1] Phillips has paid the $5.00 filing fee. [*Id.*]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). It must deny the relief sought "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). At this stage, the Court evaluates Phillips' petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569,

-1-

573 (6th Cir. 2003). The Court also accepts his factual allegations as true and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

For the reasons outlined below, the Court will deny the relief sought.

**I.**

**A. Phillips' State Conviction and Appeal**

On May 6, 1994, Phillips was convicted by a jury of attempted second-degree murder. The case was heard in the Eleventh Judicial Circuit Court in Dade County, Florida. The State of Florida proceeded at trial under a theory that Phillips had a "duty to retreat" before using deadly force against an intruder. Phillips asked the trial court for a special jury instruction providing that he had "no duty to retreat." However, the trial court denied his request and he was ultimately found guilty. Phillips was originally sentenced to a 17-year prison term, but in 1997, a Florida appellate court reversed the conviction and remanded for an evidentiary hearing on his claim of ineffective assistance of counsel. Later that year, Phillips was resentenced to a 5-year prison term. He was released from state custody in 1998.

**B. Phillips' Federal Conviction and Appeal**

On December 20, 2002, following a fourteen-day trial, a federal jury in the Southern District of Florida found Phillips guilty of various narcotics and firearms offenses.[1] *United*

---

1   Specifically, the jury convicted Phillips on the following counts: (i) Count 1 for conspiracy to distribute five or less grams of crack cocaine; (ii) Count 9, for distributing a detectable amount of crack cocaine on April 6, 2001; (iii) Count 11 for possessing a detectable amount of powder cocaine on June 8, 2001; (iv) Count 14 for being a convicted felon in possession of one or more rounds of ammunition from October 2000 to November 1, 2000; and (v) Count 17 for being a convicted felon in possession of one or

*States v. Phillips*, 9:01-CR-8084-1-CR-Lenard ("Fla. Action I"). Based on his 1994 attempted second-degree murder conviction, the district court determined that Phillips was a career offender and applied the armed-career criminal enhancement under U.S.S.G. § 4B1.4(a) in calculating his guideline range. On August 21, 2003, the district court sentenced Phillips to a 360-month prison term. [Fla. Action I, Record No. 292] On appeal, the Eleventh Circuit affirmed the conviction but remanded for re-sentencing. *United States v. Phillips*, 177 F. App'x 942, 943 (11th Cir. 2006) ("*Phillips I*"). It also directed the district court to merge Counts 14 and 17. *Id.* at 963.

Consistent with the Eleventh Circuit's mandate, the district court entered an Amended Judgment on July 31, 2006, in which it merged Counts 14 and 17 and sentenced Phillips to prison terms of 288-months as to Counts 1 and 9, 24-months for Count 11, and 180-months for Count 14, all to run concurrently. [Fla. Action I, Record No. 403] The government appealed Phillips' amended sentence and Phillips filed across-appeal.[2] The Eleventh Circuit affirmed the amended sentence, *United States v. Phillips*, 262 F. App'x 183, (11th Cir. 2008)

---

more rounds of several types of ammunition on June 8, 2001. [Fla. Action I, Record No. 239] In the special verdict, although the jury convicted Phillips of the conspiracy charged, the jury determined that the conspiracy was to distribute five or less grams of crack cocaine rather than the charged 50 grams or more of crack cocaine. *Id.*

2       Phillips argued that the district court erred when it: (i) applied an armed-career criminal enhancement under U.S.S.G. § 4B1.4(a), based on its determination that he was a career offender under § 4B1.1(a); (ii) denied his motion a for new trial; and (iii) determined that 18 U.S.C. §§ 922(g) and 924(e) were constitutional as applied to him.

("*Phillips II*").[3] Thereafter, the United States Supreme Court denied Phillips' petition for writ of certiorari. *Phillips v. United States*, 128 S. Ct. 2456 (2008).

### C. Phillips' Motion to Vacate His Federal Sentence

In November 2008, Phillips moved the district court to vacate his sentence under 28 U.S.C. § 2255. *See Phillips v. United States*, No. 08-cv-81283-JAL (S.D. Fla. 2008) ("Fla. Action II"); [Fla. Action II, Record No. 1]. From November 2008 through March 2014, protracted litigation ensued. In 2005, the Florida legislature enacted C.S.C.S.S.B. No. 436, titled "SELF DEFENSE–DEADLY FORCE." 2005 Fla. Sess. Law Serv. Ch. 2005-27 (West). The new law established, in relevant part, that:

> A person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony.

---

3    The Eleventh Circuit stated:

> After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that all of Phillips' arguments in support of his cross-appeal are meritless. Based on our decision in *Phillips I*, Phillips' arguments that the district court erred when it denied his motion for new trial and determined that §§ 922(g) and 924(e), as applied to him, do not violate the Constitution are barred by the law of the case doctrine. *See United States v. Jordan*, 429 F.3d 1032 (11th Cir. 2005). Phillips' argument that the district court erred when it determined that he qualified as a career offender, *see* U.S.S.G. § 4B1.1(a), which Phillips raises for the first time in this appeal, is also barred by the law of the case doctrine. *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997). Accordingly, we affirm the district court's determination that Phillips qualifies as an armed-career offender under U.S.S.G. § 4B1.1(a), and we affirm his sentence.

*Phillips II*, 262 F. App'x at 183.

FLA. STAT. § 776.013(3) (2005).

Additionally, the new law provided that:

> A person is presumed to have held a reasonable fear of imminent peril of death or great bodily harm to himself or herself or another when using defensive force that is intended or likely to cause death or great bodily harm to another if:
>
> (a) The person against whom the defensive force was used was in the process of unlawfully and forcefully entering, or had unlawfully and forcibly entered, a dwelling, residence, or occupied vehicle, or if that person had removed or was attempting to remove another against that person's will from the dwelling, residence, or occupied vehicle; and
>
> (b) The person who uses defensive force knew or had reason to believe that an unlawful and forcible entry or unlawful and forcible act was occurring or had occurred.

*Id.* § 776.013(1).

In his § 2255 motion, Phillips argued that the 2005 Florida statute applied retroactively, that he was entitled to the "no duty to retreat" instruction he had requested in his 1994 state court criminal proceeding, and that he should not have been convicted of attempted second degree murder. [Fla. Action II, Record No. 1, pp. 12–19] Phillips further asserted claims relating to his 2002 convictions for various narcotics and firearms offenses. [*Id.*, pp. 20–98]. His motion also indicated that he had previously filed two motions for post-conviction relief in state court arguing that the new law should be applied retroactively to his 1994 conviction, that both motions were denied by the trial court on the grounds that the new law was not to be retroactively applied, and that both trial court orders were affirmed on appeal on the basis that the new law did not apply retroactively. [*Id.*, p. 13]

Twenty days before the second and final order denying Phillips' motion for post-conviction relief was affirmed on appeal, the Supreme Court of Florida specifically held that "article X, section 9 of the Florida Constitution makes it constitutionally impermissible for section 776.013 to receive retroactive application." *Smiley v. State*, 966 So.2d 330, 336–37 (Fla. 2007).[4] On March 6, 2014, the district court entered a 113-page Amended Omnibus Order granting in part and denying in part Phillips' § 2255 motion to vacate his federal sentence. [Fla. Action II, Record No. 363] Regarding Phillips' 2002 conviction for narcotics and firearms offenses, the district court determined that no grounds existed for vacating his convictions under Counts 1, 14, or 17. [*Id.*, pp. 32–73] However, his conviction under Count 9 was vacated (distributing a detectable amount of crack cocaine on April 6, 2001). [*Id.*, pp. 31–32]

Regarding the collateral attack of his attempted second degree murder conviction, the district court observed that Phillips' argument was "that based on a change in Florida law the conduct that led to his conviction in state court has been decriminalized and the state statute decriminalizing the conduct should be applied retroactive to him." [*Id.*, p. 80] Noting that the Florida Supreme Court had announced that the adoption of the statute did not apply retroactively and that this ground had "nothing to do with the proceedings giving rise to the instant 2255 Motion," the district court concluded that no reduction of Phillips' sentence was

---

4   Article X, section 9 of the Florida Constitution provides: "Repeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed." Fla. Const. art X, § 9.

warranted. [*Id.*, 79–80] Further, the court stated that if Phillips wished to collaterally challenge any aspect of his 1994 conviction, he would be required to do so under 28 U.S.C. § 2254, and not by way of a motion filed under 28 U.S.C. § 2255. [*Id.*, pp. 77–81]

In May 2014, Phillips appealed the Amended Omnibus Order. [Fla. Action II, Record No. 367] That appeal is currently pending in the United States Court of Appeals for the Eleventh Circuit. *See Phillips v. United States*, No. 14-11960-E (last docket entry dated September 22, 2014).

## II.

Phillips contends in the present action that the 2005 Florida statute applies retroactively. As a result, he argues that his 1994 Florida state court conviction for attempted second degree murder, which served as a predicate offense for the enhancement of his subsequently imposed federal sentence, is now void. He asserts that his conduct of "shooting an intruder in his home, who had unlawfully entered has been decriminalized by the new Statutes and rules." [Record No. 1, p. 11] Phillips alleges that, because of the enactment of the 2005 statute, he is "actually innocent" and that this Court "should issue the writ requested and vacate [his] 1994 State of Florida conviction." [*Id.*]

As a general rule, § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

Here, Phillips is not challenging any aspect of the execution of the amended federal sentence he is serving. Further, he does not appear to be claiming that his federal sentence, or any aspect of his federal sentence, violates the Due Process Clause of the Fifth Amendment of the United States Constitution. Instead, Phillips is challenging the underlying validity of his 1994 state court conviction for attempted second degree murder. Phillips cannot assert such a claim in this Court under § 2241. As the district court in Florida correctly explained in its March 6, 2014 Amended Omnibus Order, he must assert any and all federal constitutional challenges regarding this conviction in a petition for writ of habeas corpus filed under § 2254. [Fla. Action II, Record No. 363, p. 81]

If Phillips elects to proceed under § 2254, he must do so in the federal judicial district in Florida where his state court conviction was rendered. Venue for a petition for habeas corpus brought under § 2254 is set out in 28 U.S.C. § 2241(d), as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which

> contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Thus, under § 2241(d), this Court does not have jurisdiction to entertain Phillips' claims that would properly fall under § 2254 because he was not convicted by a state court located within this judicial district.

District courts possess authority to transfer civil actions to different districts pursuant to 28 U.S.C. § 1404(a), but only if such a transfer would promote "the convenience of parties and witnesses, in the interest of justice." In this case, the interest of justice would not be served by re-characterizing Phillips' § 2241 petition as a petition for writ of habeas corpus under § 2254 and transferring it to the proper federal court in Florida. The pleadings filed in his § 2255 proceeding indicate that any claims Phillips might advance under § 2254 challenging his 1994 state court conviction, would likely be barred by the applicable statute of limitations set forth in 28 U.S.C. § 2244(d)(1), and/or by *Smiley*. 966 So.2d at 336–37 (holding that FLA. STAT. § 776.013(3) does not apply retroactively).

Further, as discussed previously, Phillips does not appear to be challenging the district court's determination that he was a career criminal or the enhancement of his federal sentence based on his 1994 state court conviction for attempted second degree murder. However, even if Phillips' § 2241 petition could be liberally interpreted to assert such a

claim, it would fail procedurally. Phillips has appealed the March 6, 2014 Amended Omnibus Order, entered in his § 2255 proceeding in the Southern District of Florida. That appeal is currently pending in the Eleventh Circuit Court of Appeals. District courts must refrain from entertaining a § 2241 petition challenging a federal conviction until the petitioner's § 2255 proceeding has fully concluded, including the resolution of any appeal. *See Colbert v. Ives*, No. 12-99-GFVT, 2013 WL 1856080, at *4 (E.D. Ky. Apr. 30, 2013) (declining to address § 2241 petition until the sentencing court or the Fourth Circuit Court of Appeals had addressed the petitioner's two § 2255 motions); *Besser v. Holland*, No. 0:11-70-HRW, 2011 WL 3608498, at *3 (E.D. Ky. Aug. 16, 2011) (dismissing § 2241 petition as premature pending resolution of petitioner's § 2255 motion in the sentencing court), *aff'd*, *Besser v. Sepanek*, 478 F. App'x 1001 (6th Cir. 2012).

Additionally, even if not procedurally barred, any claim challenging the enhancement of Phillips' 288-month federal sentence would fail on the merits. The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their convictions, not their sentences. *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("[The petitioner] does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."); *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."). Here, Phillips has not alleged a viable claim of actual innocence which would afford him relief under § 2241.

**III.**

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. Elroy A. Phillips' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED.**

2. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket. A judgment in conformity with this Memorandum Opinion and Order will be entered this date.

3. The Clerk of the Court is directed to change the designation of the Respondent to "Francisco J. Quintana, Warden."

This 7th day of October, 2014.

